IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

KRISTINA L. RICHTERS                                             PLAINTIFF

v.                              CIVIL NO. 05-3042

LINDA S. MCMAHON,[1] Commissioner
Social Security Administration                                   DEFENDANT

## O R D E R

Plaintiff Kristina L. Richters appealed the Commissioner's denial of benefits to this court. On September 21, 2006, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 11). Plaintiff now moves for an award of $1,529.50 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 10.75 hours of work before the court at an hourly rate of $140.00, and $24.50 in expenses. (Doc. # 12-13). Defendant has filed a response, objecting to certain hours claimed by plaintiff's counsel. (Doc.# 14).

**§ 406 Fees:**

Statutory provision for the award of attorney's fees is found in 42 U.S.C. § 406(b)(1). We find this request is premature, in that there has been no submission of evidence indicating plaintiff has been successful upon remand and has been awarded benefits from which an appropriate fee may be paid. The fee awarded an attorney under 42 U.S.C. § 406 is paid out of

---

[1] Linda S. McMahon became the Social Security Commissioner on January 20, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Linda S. McMahon has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

any past-due benefits to which the claimant is entitled. See 42 U.S.C. § 406(a), (b); 20 C.F.R. § 404.1720(b)(4).

**EAJA Fees:**

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the

prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991)*, quoting Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989)*. The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of

3

the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A).

Plaintiff's counsel requests attorney's fees under EAJA at a rate of $140.00 an hour based on an increase in the cost of living. Attorney's fees may not be awarded in excess of $125.00 per hour - the maximum statutory rate under § 2412(d)(2)(A) - unless the court finds that an increase in the cost of living or a special factor such as the limited availability of qualified attorneys justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). The decision to increase the hourly rate is not automatic and remains at the discretion of the district court. *McNulty v. Sullivan*, 886 F.2d 1074 (8th Cir. 1989). In *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990), the court stated that the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour," such as a copy of the Consumer Price Index. Plaintiff's counsel has attached a summary of the Consumer Price Index as an exhibit to his Memorandum of Law (Doc. # 13) and has presented evidence of an increase in the cost of living. Therefore, the undersigned believes his argument for enhanced fees based on a cost of living increase has merit. Accordingly, we find that plaintiff's counsel is entitled to an award at the rate of $140.00 per hour.

We next address the number of hours plaintiff's counsel claims he spent working on this case. Defendant argues that the time submitted should be reduced to 3.50 attorney hours.

4

Plaintiff's counsel seeks a total of 3.25 hours from July 11, 2005, through August 2, 2005. The Complaint was not filed in this court until February 1, 2006. (Doc. # 1). We note, time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 2.00 hours. Accordingly, 1.25 hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.75 hour on September 6, 2005 (letters to US Attorney, Attorney General, and Commissioner. Review of file), from which we deduct 0.75 hour; 0.50 hour on October 6, 2005 (preparation of affidavit of service. Review of file), from which we deduct 0.40 hour; and 0.75 hour on September 22, 2006 (client letter congratulating on remand. Client letter enclosing affidavit of plaintiff. Preparation of affidavit. Review of file), from which we deduct 0.75 hour. This time cannot be compensated, in full, under the *EAJA*. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, we deduct 1.90 hours from the total number of compensable hours sought.

Plaintiff's counsel seeks 0.25 hour on August 12, 2005 (received and reviewed Notice that In Forma Pauperis approved. Review of file), from which we deduct 0.15 hour; 0.25 hour on August 15, 2005 (received and reviewed file-marked copy of Complaint and Summons. Review of file), from which we deduct 0.15 hour; 0.50 hour on November 9, 2005 (received and reviewed answer from defendant. Review of file), from which we deduct 0.40 hour; and 0.25 hour on April 4, 2006 (received and reviewed consent form from magistrate to be returned.

Review of file), from which we deduct 0.15 hour.  Accordingly, we deduct 0.85 hour from the total number of compensable hours sought.

Plaintiff's counsel seeks 2.00 hours on November 13, 2006, for the preparation of Exhibit A. Exhibit A pertains to the time plaintiff's counsel spent at the administrative level.  Exhibit A-1 pertains to the time counsel spent at the court level. We will allow plaintiff's counsel 1.00 hour for the preparation of the EAJA application. Accordingly, we deduct 1.00 hour from the total number of compensable hours sought.

Counsel also seeks reimbursement for postage expenses in the amount of $16.02 and for 98 photocopies at the rate of 25 cents per page, or $24.50. The Commissioner argues that plaintiff's counsel is not entitled to reimbursement for the photocopies because plaintiff proceeded under the In Forma Pauperis statute, 28 USCA § 1915, which the Commissioner argues prohibits the assessment of costs against the United States.  However, plaintiff's counsel seeks attorneys fees and costs pursuant to the EAJA, 28 USCA § 2412.   28 USCA § 2412(b) provides:

> Unless expressly prohibited by statute, a court may award reasonable fees and expenses of attorneys, in addition to the costs which may be awarded pursuant to subsection (a), to the prevailing party in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official  capacity in any court having jurisdiction of such action.  The United States shall be liable for such fees and expenses to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award.

The undersigned finds that 28 USCA § 1915 does not "expressly prohibit" reasonable attorney fees and expenses as contemplated by the EAJA. Therefore, plaintiff's counsel is entitled to reimbursement for his expenses for postage and copy costs in the amount of $40.52.

AO72A
(Rev. 8/82)

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 5.75 (10.75-5.00) hours for attorney's fees, at the rate of $140.00 per hour, and for $40.52 in expenses for a total attorney's fee award of $845.52.  This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 14th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE